■ In the Matter of the Claim of PAUL McKENZIE, Appellant. COMMISSIONER OF LABOR, Respondent. [721 NYS2d 296] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, employed as a track worker by the New York City Transit Authority, was charged with failing to submit sick

leave applications or medical documentation for a series of work absences from July 1999 through September 1999. Significantly, claimant previously had received a 30-day suspension and a final warning for time and leave violations. After an arbitration hearing, at which claimant had a full and fair opportunity to litigate the charges, he was found to have been absent without a valid excuse and his discharge from employment was sustained. Given the collateral effect of the arbitrator's factual finding (see, *Matter of Carter [New York City Dept. of Personnel—Sweeney]*, 242 AD2d 777, *lv denied* 91 NY2d 809), substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was discharged from his employment due to disqualifying misconduct (see, *Matter of Guilarte [Commissioner of Labor]*, 268 AD2d 653).

Cardona, P. J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.